UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHELSEA GRIMES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:18-cv-01039-JRS-MPB ) |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

**Order on Defendant's Motion for Summary Judgment (ECF No. 30)**

Plaintiff Chelsea Grimes brings claims against Defendant State Farm Mutual Automobile Insurance Company ("State Farm") for breach of contract and breach of the duty of fair dealing and good faith. (Compl., ECF No. 1-1.) Specifically, Grimes alleges that she should be covered as a "resident relative" under her parents' underinsured motor vehicle policy with State Farm. (*Id.* ¶ 7.) She also alleges State Farm has breached their duty of good faith by failing to promptly settle her claim. (*Id.* ¶ 10.) State Farm now moves for summary judgment. (ECF No. 30.) For the following reasons, State Farm's Motion for Summary Judgment is **granted**.

I. Background

Construing all facts and reasonable inferences in the light most favorable to Grimes, the pertinent, uncontroverted summary judgment evidence is as follows:

On February 28, 2016, Grimes was a passenger in a vehicle owned and driven by her boyfriend, Jacob Lewis. (Compl. ¶ 3, ECF No. 1-1.) The vehicle was struck by

1

another driver, David Johnson, who was deemed at fault for the accident. (*Id.* ¶4.) Grimes was injured as a result of the collision. (*Id.* ¶6.)

Johnson's vehicle was not insured on the date of the accident. (*Id.* ¶5.) Lucas' vehicle, however, was insured by Farm Bureau, which paid Grimes $5,000 under medical payments coverage (Grimes Dep. Tr. 54:3-9, ECF No. 32-3) and $100,000 under its uninsured motor vehicle coverage. (Def.'s Answer ¶7, ECF No. 11.)

On the date of the accident, Grimes' parents, Tammy K. Grimes and Michael Grimes, held an automobile insurance policy issued by State Farm that covered a 2009 Ford Focus. (State Farm Policy at 3, ECF No. 32-2.) The policy provided, in relevant part, uninsured motor vehicle coverage for bodily injury up to $250,000. (*Id.*) The uninsured motor vehicle policy (the "policy") defines "insured" as:

1. ***you***;
2. **resident relatives**;
3. any other ***person*** while ***occupying***:
   a. ***your car***;
   b. a ***newly acquired car***; or
   c. a ***temporary substitute car***.
   Such vehicle must be used within the scope of ***your*** consent.
   Such other ***person occupying*** a vehicle used to carry ***persons*** for a charge is not an ***insured***; and
4. any ***person*** entitled to recover compensatory damages as a result of ***bodily injury*** to an **insured** as defined in items 1., 2., or 3. above.

(*Id.* at 17) (emphasis in original). "You" is defined as "the named insured or named insureds shown on the Declarations Page." (*Id.* at 8.) (emphasis in original). The named insureds on the Declarations Page are Tammy K. and Michael Grimes. (*Id.* at 2.) "Resident relative" is defined as:

a ***person***, other than ***you***,

> who resides primarily with the first **person** shown as a named insured on the Declarations Page and who is:
> 1. related to that named insured or his or her spouse by blood, marriage, or adoption, including an unemancipated child of either who is away at school and otherwise maintains his or her primary residence with that named insured; or
> 2. a ward or a foster child of that named insured, his or her spouse, or a **person** described in 1. above.

(*Id.* at 39) (emphasis in original.)

On December 1, 2016, State Farm issued Grimes a letter stating that it reserved its rights under the policy because it was unclear whether Grimes was a resident relative of Tammy Grimes and therefore qualified for coverage. (ROR Letter, ECF No. 48-2.) In response, Grimes provided State Farm with her voter registration card, driver's license, copies of her title to the 2009 Ford Focus, and a screenshot from State Farm's website, which all listed her address as her parents', 5220 East Southern Avenue, Indianapolis, Indiana, 46203. (Grimes' Personal Docs., ECF No. 43-2.) Further, counsel for Grimes confirmed to State Farm that she was living at her parents' home at the time of the accident. (Reynolds E-mail, ECF No. 48-2.) State Farm then withdrew its reservation of rights on December 14, 2016. (Withdraw of ROR Letter, ECF No. 43-3.)

In a deposition taken on November 9, 2018, Grimes testified that during her senior year of college, 2013, she lived in an apartment. (Grimes. Dep. Tr. 7:18-21, ECF No. 32-3.) When her lease ended, she "transitioned from [her] parents' house to their rental." (*Id.*) From March of 2014 to June of 2016, Grimes lived in the rental home

that her parents owned, located at 5301 English Avenue, Indianapolis, Indiana, 46219. (Grimes. Dep. Tr. 7:10-17, ECF No. 32-3.) In June of 2016, she bought a home at 8517 South 650 East, Ladoga, Indiana, 47954 and has continued to reside there since. (*Id.* at 6:23-25; 7:1-3.)

At the time of the accident, Grimes had clothing, furniture, and other personal possessions at her parents' home. (Grimes' Aff. ¶12, ECF No. 43-2.) She also maintained a separate bedroom where she would regularly stay overnight. (*Id.* ¶15-16.) Grimes had keys to her parents' home and also received mail there. (*Id.* ¶13-14.) Grimes believes that at the time of the accident her primary residence was her parents' home. (*Id.* ¶19.)

## II. Legal Standard

Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In considering a motion for summary judgment, the district court "must construe all the facts and reasonable inferences in the light most favorable to the nonmoving party." *Monroe v. Ind. Dep't of Transp.*, 871 F.3d 495, 503 (7th Cir. 2017). However, the district court must also view the evidence "through the prism of the substantive evidentiary burden," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986), and cannot draw "inferences that are supported by only speculation or conjecture," *Singer v. Raemisch*, 593 F.3d 529, 533 (7th Cir. 2010).

To withstand a properly supported motion for summary judgment, Grimes "must do more than raise some metaphysical doubt as to the material facts; [s]he must come forward with specific facts showing that there is a genuine issue for trial." *Id*. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. Discussion

The Court has jurisdiction over this case based on the diversity of the parties, and Indiana substantive law applies. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

*A. State Farm has not waived nor is estopped from asserting its policy defense*

Grimes argues, without citing any legal authority, that State Farm has waived its policy defense, claiming Grimes is not a resident relative, by withdrawing its reservation of rights. (Pl.'s Br. at 5, ECF No. 43.) Grimes also argues that State Farm is estopped from asserting that Grimes is not an insured under the policy because State Farm knew of Grimes' living arrangements— i.e., that she was living at both the 5220 East Southern Avenue home and 5301 English Avenue home. (*Id.* at 6-7.)

Under Indiana law, the terms "estoppel" and "waiver" are technically distinct but are often used synonymously with respect to insurance matters. *Westfield Nat'l. Ins. Co. v. Nakoa*, 963 N.E.2d 1126, 1132 (Ind. Ct. App. 2012) (citing *Amer. Standard Ins. Co. of Wis. v. Rogers*, 788 N.E.2d 873, 876 (Ind.Ct.App.2003)). "Waiver is an intentional relinquishment of a known right involving both knowledge of the existence of

5

the right and the intent to relinquish it, while the elements of estoppel are the misleading of a party entitled to rely on the acts or statements in question and a consequent change of position to that party's detriment." *Id.* Waiver and estoppel are generally questions of fact, but "where there are no disputed facts and the undisputed facts establish a party is entitled to judgment as a matter of law, . . . summary judgment is proper." *Lumpkins v. Grange Mut. Cos.*, 553 N.E.2d 871, 873 (Ind. Ct. App. 1990). "The party claiming estoppel has the burden to show all facts necessary to establish it." *Story Bed & Breakfast LLP v. Brown Cty. Area Plan Comm'n*, 819 N.E.2d 55, 67 (Ind. 2004) (internal citations omitted).

To meet this burden, Grimes must show: "(1) lack of knowledge and of the means of knowledge as to the facts in question, (2) reliance upon the conduct of the party estopped, and (3) action based thereon of such a character as to change [her] position prejudicially." *Schoettmer v. Wright*, 992 N.E.2d 702, 709 (Ind. 2013) (quoting *Story Bed & Breakfast*, 819 N.E.2d at 67.) Grimes does not allege any facts that she was unaware of, any conduct of State Farm that she relied on, nor any actions she took in reliance on such conduct.

Instead, Grimes argues—rather briefly—that "State Farm should be estopped from asserting that Grimes is not an 'insured' because she was not primarily a resident of her parents' home when [State Farm] had knowledge of [her] living arrangements." (Pl.'s Br. at 6-7, ECF No. 43.) The only evidence Grimes offers in support of this claim is a statement in her affidavit that reads: "[p]rior to the accident, State Farm had actual knowledge that . . . I was living at both the home on English Ave

6

and the home on Southern Ave. This information was shared as a result of my conversations with representatives of my State Farm agent, Norm Street, including Amanda Seifert and Tonya Voris." (Grimes Aff. ¶22, ECF No. 43-2.) But Grimes offers no evidence in corroboration, much less evidence that any of the above-named State Farm agents knowingly misled her to believe that she would still be covered under the underinsured motor vehicle policy as a passenger in a car not covered by the policy if she did not primarily reside with her parents. *See Paramo v. Edwards*, 563 N.E.2d 595, 601 (Ind. 1990) (holding that the doctrine of equitable estoppel was inapplicable because the plaintiffs failed to submit sufficient evidence to demonstrate that the defendant insurer "operated to reasonably mislead" the plaintiffs). Grimes has failed to designate evidence showing that State Farm knew her primary residence was not her parents' home. And even if she had, Grimes has not adduced any evidence that State Farm misled her into believing that she would be covered under the policy if she primarily resided elsewhere. *See, e.g., Little v. Progressive Ins.*, 783 N.E.2d 307, 315 (Ind. Ct. App. 2003) (the doctrine of equitable estoppel will be invoked "if one party through his course of conduct knowingly misleads or induces another party to believe and act upon his conduct in good faith without knowledge of the facts").

Further, although "[i]t is well settled that contractual provisions of an insurance policy may be waived or that the insurer may be estopped from asserting such provisions," *Gallant Ins. Co. v. Wilkerson,* 720 N.E.2d 1223, 1227 (Ind. 1999), "equitable estoppel cannot extend coverage that does not exist." *Little,* 783 N.E.2d at 316 (citing

7

*Egnatz v. Med. Protective Co.*, 581 N.E.2d 438, 441–42 (Ind. Ct. App. 1991)). Equitable estoppel operates to preserve rights a party already had, not to create new rights. *Id.* Applying equitable estoppel in the instant case would require the Court to extend coverage beyond the policy— i.e., covering Grimes, a non-resident relative. *See infra* Section B. Indiana law is clear that such actions are impermissible. *See, e.g., id.*; *First Nat'l. Bank of Logansport v. Logan Mfg. Co.*, 577 N.E.2d 949, 954 (Ind. 1991); *Engatz*, 581 N.E.2d at 441-42.

Thus, even viewing the facts in the light most favorable to Grimes, the doctrine of equitable estoppel does not apply. No reasonable trier of fact could find that State Farm knowingly misled Grimes into believing that she would be covered under the policy if she did not primarily reside with her parents. *See Little,* 783 N.E.2d at 315.

*B. Grimes was not a resident relative of her parents*

Because State Farm has not waived, nor is estopped from asserting, its policy defense, the Court now assesses whether Grimes was a resident relative of her parents. The policy defines resident relative as "a person, other than you, who resides **primarily** with the first person shown as a named insured on the Declarations Page and who is . . . related to that named insured." (State Farm Policy at 39, ECF No. 32-2) (emphasis added.) Tammy Grimes is the first person shown as a named insured under the policy and is Grimes' mother. Because they are related, the sole question is whether Grimes primarily resided with her mother at the time of the accident.

Interpretation of insurance contracts is a question of law. *Briles v. Wausau Ins. Co.*, 858 N.E.2d 208, 213 (Ind. Ct. App. 2006). Under Indiana law, "ambiguities in

insurance policies are generally construed against the policy drafter, and an interpretation yielding coverage is favored. However, if no ambiguity exists the policy will not be interpreted to provide greater coverage than the parties bargained for themselves" and "policies will not be given an unreasonable interpretation in order to provide added coverage." *Alexander v. Erie Ins. Exch.*, 982 F.2d 1153, 1157 (7th Cir. 1993) (citing *Eli Lilly v. Home Ins. Co.*, 482 N.E.2d 467, 470 (Ind. 1985); *Allstate Ins. Co. v. Neumann*, 435 N.E.2d 591, 594 (Ind. Ct. App. 1982)). "An ambiguity exists where a provision is susceptible to more than one interpretation and reasonable persons would differ as to its meaning." *Briles*, 858 N.E.2d at 213. If the policy language is clear and unambiguous, courts give it its plain and ordinary meaning. *Id.*

Indiana courts consider the following factors in determining residency status under an automobile liability insurance contract: (1) whether the claimant maintained a physical presence in the policy holder's home; (2) whether the claimant had a subjective intent to reside there; and (3) the nature of the claimant's access to the policy holder's home and its contents. *Ind. Farmers Mut. Ins. Group v. Blaskie,* 727 N.E.2d 13, 15 (Ind. Ct. App. 2000) (citing *Jones v. Western Reserve Group,* 699 N.E.2d 711, 714 (Ind. Ct. App. 1998)). Courts should also consider "all of the evidence indicative of the claimant's living habits." *Id.* "These factors should be considered in the context in which the term 'resident' is used and the purpose of the instrument in which the term is employed." *Id.*

While it may be the case that Grimes stayed at her parents' house from time to time, the policy at issue requires Grimes to *primarily* reside there. But the policy

9

does not define "primary resident," and Indiana courts have not interpreted the term in the context of an insurance policy. In cases such as this, where no state court decisions control, federal district courts must "predict how the highest courts of the respective states would answer [the question]." *Cmty. Bank of Trenton v. Schnuck Markets, Inc.*, 887 F.3d 803, 811 (7th Cir. 2018) (citing *In re Zimmer, NexGen Knee Implant Products Liability Litig.*, 884 F.3d 746, 751 (7th Cir. 2018). "In predicting state law . . . [federal courts] try to avoid simply grafting abstract horn-book law principles onto the particular fact pattern [at issue.]" *Id.* However, courts can also look to well-reasoned decisions in other jurisdictions for guidance. *Id.*

The Court finds that "primary residence" is unambiguous as a matter of law. *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Harris*, 882 So.2d 849, 853–54 (Ala. 2003); *Gaudina v. State Farm Mut. Auto. Ins. Co.*, 8 N.E.3d 588, 595 (Ill. App. Ct. 2014); *Wallace v. State Farm Mut. Ins. Co.*, 2007 WL 4216132, at *3 (Ohio Ct. App. 2007). Primary is defined as: "First; principal; chief; leading." *Primary*, BLACK'S LAW DICTIONARY (11th ed. 2019). This common definition leaves the Court with no doubt as to the meaning of "primary residence." The Court therefore gives "primary residence" its ordinary and plain meaning, s*ee Briles*, 858 N.E.2d at 213, and find that Grimes' principal residence was the rental home at 5301 English Ave.

Grimes' own testimony reveals that at the time of the accident she was living at the 5301 English Ave rental home. (Grimes. Dep. Tr. 7:10-17, ECF No. 32-3) ("I lived in a rental home that my parents owned, and that was located on 5301 English Ave[.]"). And although Grimes, like many adult children who do not primarily reside

with their parents, kept some personal belongings and maintained her childhood bedroom at her parents' house, with easy access thereto, she testified that in March of 2014, two years before the accident, she "transitioned from [her] parents' house to their rental." (*Id.*) One cannot maintain a primary residence at a house out of which she has already "transitioned." Further, in addition to residing primarily at the 5301 English Ave rental home, Grimes' subsequent actions make clear that she had no intent to permanently reside in her parents' house, as she bought her own home in Ladoga, Indiana in June of 2016. (*Id.* at 6:23-25; 7:1-8.) And Grimes' affidavit, which contradicts her deposition testimony, (Grimes' Aff. ¶ 19, ECF No. 43-2) ("at the time of the accident . . . I believed that my primary residence was my parents' home"), cannot be used to create a material issue of fact.[1] *See Adelman-Tremblay v. Jewel Cos.*, 859 F.2d 517, 521 (7th Cir. 1988) (internal citations omitted) ("The purpose of summary judgment motions . . . is served by a rule that prevents a party from creating issues of credibility by allowing one of its witnesses to contradict his own prior testimony.") While her parents' home remained a place for Grimes to visit and even spend the night, her ties to the house "do not overcome the stronger evidence supporting a finding that the [rental home] was her primary residence." *State Farm Fire & Cas. Co. v. Neuman*, 186 F. Supp 643, 655-56 (W.D. Tex. 2016).

Other jurisdictions interpreting the same State Farm policy language have reached similar conclusions. *See, e.g., State Farm Fire & Cas. Co. v. Lange*, 2011 WL

---

[1] The Court notes that paragraph nineteen of Grimes' affidavit is not being excluded because it is self-serving, but because it contradicts the deposition testimony without explaining the inconsistency. *See Hill v. Tangherlini*, 724 F.3d 965, 967-68 (7th Cir. 2013).

11

149482, at *1-3 (S.D. Tex. 2001) (finding son did not primarily reside with his parents despite spending most weekends at their home, keeping "valuable possessions" there, having keys to the house, maintaining his childhood bedroom, testifiying that his apartment was only "temporary," and listing his parents' address on his drivers' license, tax returns, vehicle registration, voter registration card, bills and important mail), *aff'd*, 480 Fed. App'x 309 (5th Cir. 2012); *B.D.B. v. State Farm Mut. Auto. Ins. Co.*, 814 So. 2d 877, 878-79 (Ala. Ct. App. 2001) (holding that a child did not live primarily with her father notwithstanding the fact that she had a separate room at the house where she would spend the night, stored personal belongings there, and listed the father's address on her school records); *Bauer v. USAA Cas. Ins. Co.*, 720 N.W.2d 187, 188 (Wis. Ct. App. 2006) (concluding that plaintiff, who enlisted in the Navy and would return to his mother's home for a few weeks at a time in between assignments, did not reside primarily with her, even though his income tax returns listed his address as his mother's, he maintained a room in her house where he stored personal items, and he planned on returning after his enlistment).

Viewing the record in the light most favorable to Grimes, the Court finds that her primary residence at the time of the accident was the rental home at 5301 English Ave. There are no disputed material facts that could alter the determination of her primary residence under the policy, and therefore, Grimes is not an "insured," and State Farm is entitled to summary judgment on this issue.

*C. The State Farm policy cannot be reformed*

Grimes seeks reformation of the insurance policy "to reflect that she is a named insured." (Pl.'s Br. at 7, ECF No. 43.) Contract reformation is an "extreme equitable remedy" that can be used only to relieve parties of mutual mistake or fraud, *Angel v. Powelson*, 977 N.E.2d 434, 444 (Ind. Ct. App. 2012) (quoting *Meyer v. Marine Builders, Inc.*, 797 N.E.2d 760, 772 (Ind. Ct. App. 2003), and Grimes has not presented evidence of either. In reformation actions, the intent of the parties controls, and courts look to their conduct during the course of the contract. *Meyer*, 797 N.E.2d at 772. But Grimes is not a party to the contract, so even if she intended to be covered by the underinsured motor vehicle policy, her intent is irrelevant. Grimes has also not shown that State Farm intended for her to be covered by the policy. Further, there is no evidence that State Farm acted fraudulently in creating the policy at issue. Therefore, contract reformation is not proper.

*D. State Farm did not owe Grimes a duty of good faith*

Grimes also alleges that State Farm owed her a duty to deal in good faith; and breached that duty by failing to act reasonably and properly in regard to her claim, by failing to adopt and implement reasonable standards for the handling of her claim, by failing to effectuate a prompt and fair settlement of her claim, and by unfairly delaying the payment of policy proceeds to her. (Compl. ¶¶9-10, ECF No. 1-1.) Indiana law recognizes a legal duty, implied in all insurance contracts, that the insurer deals in good faith with its insured. *Freidline v. Shelby Ins. Co.*, 774 N.E.2d 37, 40

(Ind. 2002) (citing *Erie Ins. Co. v. Hickman*, 622 N.E.2d 515, 518 (Ind. 1993)). However, because Grimes is not an insured, State Farm did not owe her a duty of good faith. State Farm is entitled to summary judgment on Grimes' breach of duty claim.

## IV. Conclusion

For the reasons stated above, State Farm's motion for summary judgment (ECF No. 30) is **granted**. Grimes' claims are **dismissed** on the merits with **prejudice**. A final judgment will be entered separately.

**SO ORDERED.**

Date: 12/3/2019

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution by CM/ECF to all registered parties.